**Alfred FAYER, Plaintiff,**

v.

**George W. ROMNEY, as Secretary of the Department of Housing and Urban Development, et al., Defendants.**

**No. 72 Civ. 4451.**

United States District Court, S. D. New York.

Oct. 11, 1973.

**318**

Jack Korshin, Mineola, N. Y., for plaintiff.

Paul J. Curran, U. S. Atty. for defendants; by Joseph D. Danas, Asst. U. S. Atty., of counsel.

GURFEIN, District Judge.

Both plaintiff and defendants move for summary judgment. The plaintiff, Alfred Fayer, is an attorney licensed by the State of New York. He seeks the annulment of a final determination, made by the defendants, the effect of which was to suspend plaintiff from, further participation as an attorney in Department of Housing and Urban Development (HUD·) programs, pending the resolution of a criminal indictment against him in the United States District Court for the Eastern District of New York. The defendants agree that there are no material facts at issue and adopt Statements Numbered 1 to 12 inclusive in plaintiff's statement filed pursuant to Rule 9(g). This court has jurisdiction pursuant to 28 U.S.C. § 1361 (mandamus) and Section 10 of the Administrative Procedure Act, 5 U.S.C. §§

701–704. Gonzalez v. Freeman, 118 U.S. App.D.C. 180, 334 F.2d 570 (D.C.Cir. 1964); Harms v. Federal Housing Administration, 256 F.Supp. 757 (D.Md. 1966).

The conceded facts are as follows:

The plaintiff is an attorney at law. On March 29, 1972, thirteen indictments were filed in the United States District Court for the Eastern District of New York charging many defendants with bribery and other crimes in connection with mortgages insured by the Federal Housing Administration ("FHA"). The plaintiff was named as a defendant in nine of these indictments. On May 21, 1972 all thirteen indictments were superseded. The plaintiff was named as a defendant in only one of the superseding indictments and was dropped as a defendant in all the other indictments. Only one indictment remains in which the plaintiff is named as a co-defendant with two others and a corporation. That indictment charges the defendants with violating 18 U.S.C. § 201(d) in that they offered an employee of FHA the services of an attorney to represent the employee, and also private employment, to influence his testimony under oath in a court proceeding. Fayer has pleaded not guilty.

On April 13, 1972, the plaintiff was orally informed by the director of the Hempstead office of FHA that he would not be permitted to act as closing attorney in connection with any mortgage loan to be insured by FHA. Thereafter, the plaintiff, by letter, requested rescision of the oral notification. On June 14, 1972, Eugene A. Gulledge, Assistant Secretary of HUD, wrote to Fayer advising him of the intention to suspend plaintiff from participation in HUD programs until the indictment was resolved, and informing him of his right to be "heard and represented by counsel in accordance with 24 C.F.R. 24–1.010."

Fayer requested and was granted a hearing which took place before a hearing officer on July 27, 1972. At the hearing the only items of evidence

presented were the thirteen original indictments and the thirteen superseding indictments, in only one of which was the plaintiff named as a defendant.

On September 12, 1972, the hearing officer rendered an initial determination suspending plaintiff from participation in HUD programs, and on September 28, 1972, Mr. Gulledge made a final determination confirming such suspension.

It is conceded by the Government also that the plaintiff has diligently attempted to obtain a trial of the indictment against him, but has been unable to achieve this objective.

Fayer asserts that his suspension, coupled with the delay in the trial of his indictment, will continue to cause him financial harm.

At the hearing, plaintiff's counsel argued that Fayer, acting as a lawyer, was not a "contractor" within the meaning of HUD regulations, and that HUD had no right to suspend him from acting as a lawyer in closing mortgages. He has agreed that his client would not act as an attorney where the closing involved Secretary-held property, but urged that he could not be debarred from acting as an attorney in other mortgage closings where the mortgage was to be insured by FHA.*

The Government contended at the hearing that the plaintiff was a "contractor" and that the superseding indictment, along with the other indictments, was "adequate evidence" to justify the suspension.

The plaintiff contends that 1) the defendants did not have jurisdiction over him and 2) that the suspension order was invalid, in any event, because the evidence was insufficient and because no evidence was presented that the plaintiff's suspension was necessary for the protection of the public.

The first question is whether a lawyer, acting solely in his professional capacity in closing mortgages to be insured by FHA, comes within the scope of the regulations relating to suspension or debarment.

The Secretary of HUD has Congressional authority to "make such rules and regulations as may be necessary to carry out his functions, powers, and duties." (Section 7d of the HUD Act, 42 U.S.C. § 3535(d). Pursuant to that authority, the Secretary promulgated regulations regarding debarment and suspension from Government work. It is well settled that, once having formulated the regulation, the Secretary is bound to follow it. Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); Vitarelli v. Seaton, 359 U.S. 535, 79 S. Ct. 968, 3 L.Ed.2d 1012 (1959).

The issue is limited to whether the regulation in question gave the Secretary power to suspend the plaintiff.

The regulation 24 C.F.R. 24.0–24.15 (Part 24) is headed "Debarment, Suspension, and Ineligibility of Contractors and Grantees." The policy is stated as being based on the necessity "that grants and contracts awarded by the Department and by those entities with whom it does business be made only to those contractors and grantees which can demonstrate that Government funds will be properly utilized. Department policy requires, therefore, that awards may be made only to responsible contractors and grantees." § 24.0.

The scope of the regulation is then set forth.

"§ 24.1 Scope.

This part prescribes procedures relating to:

(a) The debarment of contractors and grantees for cause;

(b) The suspension of contractors and grantees for cause under prescribed conditions;

(c) The placement of contractors and grantees in ineligibility status when they are included in lists which

* In the closings of insured mortgages resulting from the sale of Secretary-held property, the lawyer represents HUD as well as the mortgagee and is paid a closing fee by HUD.

make their participation in federally assisted programs illegal;

(d) Use of Adverse Information Reports to identify contractors and grantees having unfavorable performance records; and

(e) Reconsideration of debarment and suspension."

The Regulation further provides that Part 24 applies to

"(3) public and private organizations and individuals who are contractors with or grantees of the Department and to all who receive HUD funds from such contractors or grantees; (4) and participants, or contractors with participants, in programs where Hud is the guarantor or insurer."

"Suspension" is defined to mean "a disqualification from participation in HUD programs for a temporary period of time because a contractor or grantee is suspended upon adequate evidence of engaging in criminal, fraudulent or seriously improper conduct." § 24.4(b).

"Contractors or grantees" are defined in three categories: (1) "Individuals' and public or private organizations that are direct recipients of HUD funds or that receive HUD funds indirectly through non-Federal sources;" (2) "all participants, or contractors with participants, in programs where HUD is the guarantor or insurer;" and (3) "Federally assisted construction contractors." § 24.4(g).

A lawyer closing a mortgage transaction for a private person is obviously in neither category (1) nor (3). He can be covered conceivably only as a "participant." Despite the care with which these regulations have been drawn, there is no definition of "participant."

There is no doubt that suspension may be ordered in the absence of a criminal conviction, since the Assistant Secretaries may, in the interest of the Government, suspend a "contractor or grantee, suspected, upon adequate evidence of [the] commission of . . .

a criminal offense . . . in the performance of a public contract . . . or commission of . . . bribery." § 24.12(a).

But in determining what is meant by a "participant" we must look to other parts of the regulation. When we inquire what the restrictions are during the period of suspension, we find that "the following policies and procedures shall be applicable: Bids and proposals for financial assistance shall not be solicited from suspended contractors or grantees. If received, bids and proposals shall not be considered and awards for contracts shall not be made to suspended contractors or grantees unless it is determined by the Department to be in the best interest of the Government . . ." § 24.14

When a contractor or grantee is suspended there is no other effect provided. This seems to indicate rather clearly that "contractors or grantees" include only people who bid for contracts or ask for financial assistance, and those who participate with them as financial principals. There is not even a provision in general terms that could include a restriction upon lawyers, practicing their profession, during a period of suspension.

There is, indeed, a general policy statement, § 24.5, relating to "Debarment, suspension, and placement in ineligible status": "To assure the Department of benefits to be derived from the full and free competition of interested contractors and grantees, these measures should not be instituted for any time longer than deemed necessary and should generally preclude awards only for the duration of the period of nonresponsibility." § 24.5.

The general thrust is, inescapably, that the suspension applies to persons involved in bidding on HUD contracts, and persons seeking insurance from FHA. The plaintiff here simply represents the mortgage lender, passes on the condition of the title to the property to

be mortgaged, prepares the closing documents, attends the closing and supervises the execution of the closing documents. For these services, the plaintiff is paid by the borrower.

While an attorney is, of course, in a certain sense, an independent contractor, it seems to me to be a play on words to suggest, as the Government does, that a lawyer closing or passing on title is a "contractor with [a] participant." If the lawyer is also an investor, then his status as "a participant" is not changed simply because he is a member of the bar. But when he acts merely as a professional, he does not come within the scope of the "suspension" regulation.

A similar conclusion was reached by Judge Watkins in Harms v. Federal Housing Administration, supra, where he held that an engineer, acting in his professional capacity was not a "participant" under another provision, 24 C.F.R. § 200.200. I agree with Judge Watkins that a professional is not a "participant," and that "had such professionals been intended to be included, it would have been easy enough to include them." 256 F.Supp. at 768.

In the absence of disbarment or suspension of a lawyer by competent authority, the Assistant Secretary had no authority himself, under the Regulations, to suspend the plaintiff from his professional activity as an attorney. It is not necessary, therefore, to consider the other question raised, whether an indictment alone is sufficient to support the agency action. I note the blanket provision that "whenever prosecutive action has been initiated, the suspension may continue until the legal proceedings are completed," § 24.13, even though it is also provided that suspension shall be based on "adequate evidence," § 24.12, and that "consideration shall be given to the amount of credible evidence which is available, [and] to the existence or absence of corroboration as to important allegations. . . . " § 24.11.

Summary judgment annulling the determination of suspension is granted.